IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 3, 2007

Charles R. Fulbruge III
Clerk

No. 06-51658
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GUSTAVO CHACON

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:06-CR-544-ALL

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Gustavo Chacon, who pleaded guilty to one count of bulk cash smuggling, in violation of 31 U.S.C. § 5332, appeals his sentence. Chacon argues that the district court's application of U.S.S.G. § 2S1.3(b)(1)(B) (2006), in addition to determining the base offense level based on the value of the funds, constituted impermissible double counting.

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Section § 2S1.3 applies to several monetary-reporting related offenses, including bulk cash smuggling. See § 2S1.3; U.S.S.G. App. A (Statutory Index). It does not prohibit, but requires, application of both the offense level increase based on the value of the funds and the specific-offense-characteristic increase because the offense involved bulk cash smuggling. There was no impermissible double counting. See United States v. Simmons, 470 F.3d 1115, 1128-29 (5th Cir. 2006), cert. denied, 127 S. Ct. 3002 (2007).

Chacon's grouping argument lacks merit. Because Chacon was convicted on only one count, there was nothing to group, and U.S.S.G. § 3D1.2 is inapplicable. See U.S.S.G. § 3D1.1(a).

AFFIRMED.